UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

EMILIO PINERO,

           Plaintiff,

v.

JN & SONS REALTY, LLC.,

           Defendant.

_____/

## COMPLAINT

Plaintiff, EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues JN SONS REALTY, LLC., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., (hereinafter the "A.D.A".), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code and alleges as follows:

## PARTIES

2.      Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking standing, and/or standing. Plaintiff is a left leg amputee, from the knee down, and uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or

limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as a one story strip mall located on or about 900-930 West Sunrise Blvd. Ft. Lauderdale, Florida (hereinafter the "facility").

4.      The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

5.      In this instance, Plaintiff visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8.      Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to

access, dangerous conditions and ADA violations that exist at the facility that restrict

and/or limit his access to the facility and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions

and ADA violations more specifically set forth in this Complaint.

9.      Plaintiff intends to visit the facility again in the near future in order to

utilize all of the goods, services, facilities, privileges, advantages, and/or

accommodations commonly offered at the facility, but will be unable to do so because

of his disability due to the physical barriers to access, dangerous conditions and ADA

violations that exist at the facility that restrict and/or limit his access to the facility

and/or accommodations offered therein, including those barriers conditions and ADA

violations more specifically set forth in this Complaint.

10.     Defendant has discriminated against Plaintiff and others with disabilities

by denying access to, and full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations of the facility, as prohibited by 42

U.S.C., Section 12182, et. seq., and by failing to remove architectural barriers as

required by 42 U.S.C., Section 12182(b)(2)(A)(iv), and will continue to discriminate

against Plaintiff and others with disabilities unless and until Defendant is compelled to

remove all physical barriers that exist at the facility, including those specifically set

forth herein, and make the facility accessible to and usable by persons with disabilities,

including Plaintiff.

11.     Defendant has discriminated against Plaintiff by failing to comply with the

above requirements. A specific, although not exclusive, list of unlawful physical

barriers, dangerous conditions and ADA violations which preclude and/or limit

Plaintiff's ability (because of his disability) to access the facility and/or full and equal

enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of the facility include:

a) The disabled parking spaces are not striped in a compliant manor in violation of ADAAG 4.6.2.
b) There are non-compliant curb ramps that service the disabled parking spaces in violation of ADAAG 4.8.2.
c) There is not a compliant accessible route from the disabled parking spaces to the facility and the accessible entrance in violation of ADAAG 4.3.2.
d) There is no accessible route from the public sidewalk and transportation stops to the facility in violation of ADAAG 4.3.
e) There is a non-compliant ramp to the public sidewalk, and main facility, in violation of ADAAG 4.8.2.
f) There are counters within the tenant spaces that exceed the maximum height requirements in violation of ADAAG 4.5.
g) The accessible routes within the tenant spaces are not of compliant width in violation of ADAAG 4.3.

12.     The above listing is not to be considered all-inclusive of the barriers,

conditions or violations encountered by Plaintiff and/or which exist at the facility.

Plaintiff requires an inspection of the facility in order to determine all of the

discriminatory acts violating the ADA.

13.     Plaintiff has attempted to gain access to the facility, but because of his

disability has been denied access to, and has been denied the benefits of services,

programs, and activities of the facility, and has otherwise been discriminated against and

damaged by Defendant, because of the physical barriers, dangerous conditions and ADA

violations set forth above, and expects to be discriminated against in the future, unless

and until Defendant is compelled to remove the unlawful barriers and conditions and

comply with the ADA.

14.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. Section 12182(B)(2)(A)(iv); 42 U.S.C. Section 12181(9); 28 C.F.R. Section 36.304.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. Section 12205 and 12217.

17.     Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite

alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert

fees, costs and litigation expenses incurred in this action.

Respectfully submitted,


s/ Lauren Wassenberg

LAUREN WASSENBERG, ESQ.
Florida Bar No.  0034083
429 Lenox Avenue Suite 4W23
Miami Beach, Florida 33139
Ph: (305) 537-3723
Attorney for Plaintiff